**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| TARA THOMAS | § | |
| | § | |
| v. | § | NO. 1:15-CV-00431 |
| | § | |
| SHERIFF DEPARTMENT | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
**DISMISSING CASE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b)**

This case is assigned to the Honorable Ron Clark, Chief United States District Judge, and referred to the undersigned for pretrial management pursuant to General Order 05-07. Plaintiff Tara Thomas, proceeding *pro se* and *in forma pauperis*, filed this case and twenty-eight other cases against numerous defendants in the Eastern District of Texas, Beaumont Division, within a two-week period beginning October 21, 2015.[1] The court subsequently barred Thomas from filing any *pro se in forma pauperis* civil proceedings in the Eastern District of Texas without the advance written permission of a judge of the court. (Doc. No. 5.) Thomas then filed several new cases in the Southern District of Texas, Houston Division, naming many of the same defendants as her cases in this district.[2] She is now barred from further filings in the Southern District of

---

1. Thomas v. Sprott, No. 1:15-cv-387; Thomas v. Sheriff Department, No. 1:15-cv-388; Thomas v. Allstate, No. 1:15-cv-389; Thomas v. Tiffany et al., No. 1:15-cv-390; Thomas et al. v. Jefferson County Sprint Team et al., No. 1:15-cv-392; Thomas v. Flanagan et al., No. 1:15-cv-393; Thomas v. The Hartford Group, No. 1:15-cv-394; Thomas v. Beaumont Police Department, No. 1:15-cv-395; Thomas et al. v. Woods, No. 1:15-cv-396; Thomas v. Beaumont Police Department, No. 1:15-cv-397; Thomas v. Dollar General Store, No. 1:15-cv-398; Thomas v. Baptist Hospital, No. 1:15-cv-399; Thomas v. Prosperity Bank, No. 1:15-cv-401; Thomas v. Cypress Bend Village, No. 1:15-cv-402; Thomas v. Texas Crime Victims Compensation Program, No. 1:15-cv-403; Thomas v. First National Bank/First Convenience Bank , No. 1:15-cv-410; Thomas v. Thomas, No. 1:15-cv-413; Thomas v. Parole Division, No. 1:15-cv-414; Thomas v. A R Lay, No. 1:15-cv-417; Thomas v. Dillards Department Store, No. 1:15-cv-418; Thomas et al. v. Atoff, No. 1:15-cv-419; Thomas v. BG Foods Inc., No. 1:15-cv-420; Thomas v. Uncle Bobs Storage, No. 1:15-cv-423; Thomas v. Classic Chevrolet Beaumont, No. 1:15-cv-424; Thomas v. Macy's, No. 1:15-cv-428; Thomas v. Chase Bank, No. 1:15-cv-429; Thomas v. Beaumont Police Department, No. 1:15-cv-430; Udayasiri v. Mike Smith Autoplaza, No. 1:15-cv-436.

2. See Thomas v. Scrogins, No. 4:15-mc-02846 (S.D. Tex. Nov. 23, 2015); Thomas v. Sheriff Department, No. 4:15-mc-02939 (S.D. Tex. Dec. 7, 2015); Thomas v. Sheriff Department/Sprint Team, No. 4:15-cv-03582 (S.D. Tex. Dec. 9, 2015); Thomas v. Ames, No. 4:15-mc-02953 (S.D. Tex. Dec. 9, 2015); Thomas v. Huntsville Prison, No. 4:15-cv-03583 (S.D. Tex. Dec. 9, 2015); Thomas v. Beaumont Police Department, No. 4:15-cv-03585 (S.D.

Texas as well. See Thomas et al. v. Beaumont Sheriff Department et al., No. 4:16-mc-00287 (S.D. Tex. February 29, 2016) (denying motion to proceed *in forma pauperis* and barring future filings without seeking advance permission from the Chief Judge of the District).

On April 6, 2016, the undersigned set Thomas's application to proceed *in forma pauperis* for a hearing on May 23, 2016. (Doc. No. 6.) The order setting hearing cautioned that "[f]ailure to appear at the hearing may result in dismissal of all cases filed by the Plaintiff." (Doc. No. 6.) The clerk of court mailed the order to Thomas's address[3] via certified mail return receipt requested. This order was returned to the court as unclaimed. (Doc. No. 7.) Thomas has not provided the court with an updated address, and she failed to appear at the hearing on May 23, 2016. Accordingly, the undersigned recommends dismissing the above-referenced cases for failure to prosecute according to Federal Rule of Civil Procedure 41(b).

## I. DISCUSSION

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action for failure to prosecute or for failure to comply with any court order. Boudwin v. Graystone Ins. Co., 756 F.2d 399, 401 (5th Cir. 1985). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." Id. (citing Link v. Wabash, R.R. Co., 370 U.S. 626, 629 (1962)). The orderly and expeditious disposition of cases requires that a litigant provide the court with a correct address or, if the litigant's address changes, that he informs the court of the change. See Local Rule CV-11(e) ("A *pro se* litigant must provide the court with a physical address, i.e., a P.O. box is not acceptable, and is

Tex. Dec. 9, 2015); Thomas v. Huntsville Prison, No. 4:15-mc-02940 (S.D. Tex. Dec. 7, 2015); Thomas v. Flanagan et al., No. 4:15-mc-02954 (S.D. Tex. Dec. 9, 2015); Thomas v. Beaumont Police Department, No. 4:15-mc-02941 (S.D. Tex. December 7, 2015); Thomas et al. v. Beaumont Sheriff Department et al., No. 4:16-mc-00287 (S.D. Tex. February 3, 2016).

3. In each case, Thomas's stated address is 155 IH 10 South No. 2, Beaumont, TX 77057.

responsible for keeping the clerk advised in writing of the current physical address."). The Fifth Circuit has noted:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the court of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

Shannon v. State of La., No. 87-3951, 1988 WL 54768, *1 (E.D. La. May 23, 1988) (quoting Perkins v. King, No. 84-3310, Slip Op. at 4 (5th Cir. May 19, 1985)); see also Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam) (*pro se* plaintiff's case dismissed for failure to prosecute when he failed to keep the court apprised of his current address). The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court. Forney Engineering Co., 589 F.2d 243, 247–48 (5th Cir. 1979).

By failing to provide the court with a current or correct address, Thomas has failed to diligently prosecute this case and the other twenty-eight cases she filed in this district. Furthermore, Thomas did not comply with a court order requring her presence at a hearing on her application to proceed *in forma pauperis*. Accordingly, Thomas's cases should be dismissed for want of prosecution pursuant to Rule 41(b).

## II. RECOMMENDATION

The undersigned recommends that each of the following cases be dismissed without prejudice for want of prosecution: 1:15-cv-387; 1:15-cv-388; 1:15-cv-389; 1:15-cv-390; 1:15-cv-392; 1:15-cv-393; 1:15-cv-394; 1:15-cv-395; 1:15-cv-396; 1:15-cv-397; 1:15-cv-398; 1:15-cv-399; 1:15-cv-401; 1:15-cv-402; 1:15-cv-403; 1:15-cv-410; 1:15-cv-413; 1:15-cv-414; 1:15-cv-

417; 1:15-cv-418; 1:15-cv-419; 1:15-cv-420; 1:15-cv-423; 1:15-cv-424; 1:15-cv-428; 1:15-cv-429; 1:15-cv-430; 1:15-cv-431; 1:15-cv-436.

## III. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) (Supp. IV 2011), each party to this action has the right to file objections to this report and recommendation. Objections to this report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this report, and (4) no more than eight (8) pages in length. See 28 U.S.C. § 636(b)(1)(c); FED R. CIV. P. 72(b)(2); Local Rule CV-72(c). A party who objects to this report is entitled to a de novo determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. See 28 U.S.C. § 636(b)(1)(c); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States District Judge of the findings of fact and conclusions of law, (see Rodriguez v. Bowen, 857 F.2d 275, 276–77 (5th Cir. 1988)), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SIGNED this 3rd day of June, 2016.

Zack Hawthorn
United States Magistrate Judge